FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

MAR 0 5 2014

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 3:14-00041 |
| | ) | |
| v. | ) | 18 U.S.C. § 1028A |
| | ) | 18 U.S.C. § 1029 |
| | ) | 18 U.S.C. § 2113(b) |
| KENNETH JAMES STOPKOTTE | ) | 18 U.S.C. § 1956 |
| | ) | 18 U.S.C. § 982 |
| | ) | 18 U.S.C. § 981 |
| | ) | 28 U.S.C. § 2461(c) |

# INDICTMENT

Introduction

At all times relevant to this indictment:

1. Defendant **KENNETH JAMES STOPKOTTE** maintained a business account (No. ***6551), titled in the name of Music City Pool Company, at SunTrust Bank, a federally insured financial institution.

2. Defendant **KENNETH JAMES STOPKOTTE** maintained a business account (No. ***7678), titled in the name of Music City Pool Company, Inc., at First Tennessee Bank, a federally insured financial institution.

3. Defendant **KENNETH JAMES STOPKOTTE** maintained a business account (No. ***4320), titled in the name of Brentwood Outreach Church Ministries, Inc., at First Tennessee Bank, a federally insured financial institution.

1

4. Defendant **KENNETH JAMES STOPKOTTE** maintained a business account (No. ***0908), titled in the name of Music City Pool, at Regions Bank, a federally insured financial institution.

5. Defendant **KENNETH JAMES STOPKOTTE** maintained a business account (No. ***7209), titled in the name of Music City Pools Company, Inc., at Bank of Nashville, a federally insured financial institution.

6. Defendant **KENNETH JAMES STOPKOTTE** maintained a business checking account (No. ***9553) and a business savings account (No. ***7857), titled in the name of Woodmont Church, Inc., at Navy Federal Credit Union, a federally insured financial institution.

7. Defendant **KENNETH JAMES STOPKOTTE** maintained a personal account (No. ***1847), titled in the name of Kenneth Stopkotte, at USAA Federal Savings Bank, a federally insured financial institution.

8. Beginning on an unknown date, but at least as early as August, 2012, defendant **KENNETH JAMES STOPKOTTE** began stealing donation checks from the mailboxes of numerous churches in the Nashville area.

9. From on or about August 27, 2012, to on or about November 2, 2012, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $98,454.65 in stolen donation checks into his business account (No. ***6551) at SunTrust Bank, Nashville, Tennessee.

10. From on or about November 15, 2012, to on or about December 7, 2012, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $1,600 in stolen donation checks into his business account (No. ***0908) at Regions Bank, Nashville, Tennessee.

11. From on or about November 28, 2012, to on or about January 8, 2013, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $44,733.11 in stolen donation checks into his business account (No. ***7678) at First Tennessee Bank, Nashville, Tennessee.

12. From on or about December 31, 2012, to on or about January 4, 2013, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $7,302.13 in stolen donation checks into his business account (No. ***4320) at First Tennessee Bank, Nashville, Tennessee.

13. From on or about December 6, 2012, to on or about December 7, 2012, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $1,640.77 in stolen donation checks into his business account (No. ***7209) at Bank of Nashville, Nashville, Tennessee.

14. From on or about February 8, 2013, to on or about February 28, 2013, in Nashville, Tennessee, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $27,877.86 in stolen donation checks into his business account (No. ***9553) at Navy Federal Credit Union.

15. From on or about September 5, 2012, to on or about March 22, 2013, in Nashville, Tennessee, defendant **KENNETH JAMES STOPKOTTE** transferred approximately $70,000 from accounts that he controlled at First Tennessee Bank, Regions Bank, SunTrust Bank, Bank of Nashville and the Navy Federal Credit Union in which he deposited funds from stolen donation checks to his personal account (No. ***1847) at USAA Federal Savings Bank.

16. On an unknown date, but at least as early as November, 2012, defendant **KENNETH JAMES STOPKOTTE** opened a bank account at Federal Bank of the Middle East (No. ***4271), Nicosia, Cyprus, titled in the name of Black Marlin Industries S.A.

11. From on or about November 28, 2012, to on or about January 8, 2013, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $44,733.11 in stolen donation checks into his business account (No. \*\*\*7678) at First Tennessee Bank, Nashville, Tennessee.

12. From on or about December 31, 2012, to on or about January 4, 2013, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $7,302.13 in stolen donation checks into his business account (No. \*\*\*4320) at First Tennessee Bank, Nashville, Tennessee.

13. From on or about December 6, 2012, to on or about December 7, 2012, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $1,640.77 in stolen donation checks into his business account (No. \*\*\*7209) at Bank of Nashville, Nashville, Tennessee

14. From on or about February 8, 2013, to on or about February 28, 2013, in Nashville, Tennessee, defendant **KENNETH JAMES STOPKOTTE** deposited approximately $27,877.86 in stolen donation checks into his business account (No. \*\*\*9553) at Navy Federal Credit Union.

15. From on or about September 5, 2012, to on or about March 22, 2013, in Nashville, Tennessee, defendant **KENNETH JAMES STOPKOTTE** transferred approximately $70,000 from accounts that he controlled at First Tennessee Bank, Regions Bank, SunTrust Bank, Bank of Nashville and the Navy Federal Credit Union in which he deposited funds from stolen donation checks to his personal account (No. \*\*\*1847) at USAA Federal Savings Bank.

16. On an unknown date, but at least as early as November, 2012, defendant **KENNETH JAMES STOPKOTTE** opened a bank account at Federal Bank of the Middle East (No. \*\*\*4271), Nicosia, Cyprus, titled in the name of Black Marlin Industries S.A.

## COUNT ONE

THE GRAND JURY FURTHER CHARGES:

1. The allegations of paragraphs 1 through 16 of the Introduction to this indictment are incorporated by reference as if fully set forth herein.

2. Beginning on or about August 27, 2012, and continuing until on or about November 13, 2012, in the Middle District of Tennessee and elsewhere, defendant **KENNETH JAMES STOPKOTTE** did, with intent to steal and purloin, take and carry away, approximately $66,178.82 in United States currency, which was in the care, custody, control, management, and possession of SunTrust Bank (Acct # ***6551), a federally insured financial institution.

In violation of Title 18, United States Code, Section 2113(b).

## COUNT TWO

THE GRAND JURY FURTHER CHARGES:

1. The allegations of paragraphs 1 through 16 of the Introduction to this indictment are incorporated by reference as if fully set forth herein.

2. Beginning on or about November 28, 2012, and continuing until on or about January 31, 2013, in the Middle District of Tennessee and elsewhere, defendant **KENNETH JAMES STOPKOTTE** did, with intent to steal and purloin, take and carry away, approximately $44,733.11 in United States currency, which was in the care, custody, control, management, and possession of First Tennessee Bank (Acct # *** 7678), a federally insured financial institution.

In violation of Title 18, United States Code, Section 2113(b).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

1.  The allegations of paragraphs 1 through 16 of the Introduction to this indictment are incorporated by reference as if fully set forth herein.

2.  Beginning on or about December 21, 2012, and continuing until on or about January 29, 2013, in the Middle District of Tennessee and elsewhere, defendant **KENNETH JAMES STOPKOTTE** did, with intent to steal and purloin, take and carry away, approximately $7,302.13 in United States currency, which was in the care, custody, control, management, and possession of First Tennessee Bank (Acct # *** 4320), a federally insured financial institution.

In violation of Title 18, United States Code, Section 2113(b).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES:

1.  The allegations of paragraphs 1 through 16 of the Introduction to this indictment are incorporated by reference as if fully set forth herein.

2.  Beginning on or about February 8, 2013, and continuing until on or about March 31, 2013, in the Middle District of Tennessee and elsewhere, defendant **KENNETH JAMES STOPKOTTE** did, with intent to steal and purloin, take and carry away, approximately $27,877.86 in United States currency, which was in the care, custody, control, management, and possession of Navy Federal Credit Union (Acct # *** 9553), a federally insured financial institution.

In violation of Title 18, United States Code, Section 2113(b).

## COUNTS FIVE THROUGH THIRTEEN

THE GRAND JURY FURTHER CHARGES:

1. The allegations of paragraphs 1 through 16 of the Introduction to this indictment are incorporated by reference as if fully set forth herein.

2. On or about the dates set forth below with respect to each count, in the Middle District of Tennessee and elsewhere, defendant **KENNETH JAMES STOPKOTTE**, did knowingly transmit and transfer monetary instruments and funds involving the proceeds of specified unlawful activity, that is bank larceny in violation of Title 18, United States Code, Section 2113(b), from a place in the United States to and through a place outside the United States knowing that the monetary instrument and funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

| COUNT | DATE | AMOUNT | TRANSACTION |
|---|---|---|---|
| 5 | February 4, 2013 | $3,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |
| 6 | February 11, 2013 | $3,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |
| 7 | February 21, 2013 | $5,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |

6

Case 3:14-cr-00041   Document 1   Filed 03/05/14   Page 7 of 11 PageID #: 7

| 8 | February 26, 2013 | $5,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |
| 9 | February 27, 2013 | $5,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |
| 10 | March 1, 2013 | $8,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |
| 11 | March 4, 2013 | $9,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |
| 12 | March 19, 2013 | $4,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |
| 13 | March 20, 2013 | $6,000 | Wire Transfer from Account # ***1847 at USAA Federal Savings Bank to Black Marlin Industries, Account # ***4271 at Federal Bank of the Middle East, Nicosia, Cyprus |

In violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

## COUNT FOURTEEN

THE GRAND JURY CHARGES:

From on or about January 3, 2012, through on or about January 19, 2012, in the Middle District of Tennessee and elsewhere, **KENNETH JAMES STOPKOTTE,** knowingly and with the intent to defraud, effected transactions with an access device, specifically a credit card account number, issued to another person, to receive payment and other things of value during any one year

7

period, of a value of approximately $13,631.45, in a manner affecting interstate commerce.

In violation of Title 18, United States Code, Sections 1029(a)(5) and 1029(c)(1)(A)(ii).

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES:

From on or about December 15, 2011, through on or about January 19, 2012, in the Middle District of Tennessee and elsewhere, **KENNETH JAMES STOPKOTTE** did knowingly and without lawful authority possess and use a means of identification, of another person, that is a credit card account number, that may be used either alone or in conjunction with any other information to identify a specific individual, during and in relation to the felony offense of use of an unauthorized access device, in violation of Title 18, United States Code, Section 1029(a)(5).

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATIONS

1. The allegations contained in this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. Upon conviction of one or more of the offenses alleged in Count One through Four of this Indictment. **KENNETH JAMES STOPKOTTE** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c):

> A. any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2113 or a conspiracy to commit such offense.

The property to be forfeited includes but is not limited to a money judgment in the minimum amount of $181,608.52 United States currency, representing the proceeds of the offense.

3. Upon conviction of one or more of the offenses alleged in Counts Five through Thirteen of this Indictment, KENNETH JAMES STOPKOTTE shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1):

    a. any property, real or personal, involved in such offense; and

    b. any property traceable to such property.

The property to be forfeited includes but is not limited to a money judgment in the minimum amount of $48,000.00 United States currency, representing the proceeds involved the offense.

4. Upon conviction of the offense alleged in Count Fourteen of this Indictment, **KENNETH JAMES STOPKOTTE** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1029(c)(1)(C):

    a. any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of a violation of Title 18, United States Code, Sections 1029(a)(5) and 1029(c)(1)(A)(ii); and

    b. any personal property used or intended to be used to commit the violation of Title 18, United States Code, Sections 1029(a)(5) and 1029(c)(1)(A)(ii).

The property to be forfeited includes but is not limited to a money judgment in the minimum amount of $13,631.45 United States currency, representing the proceeds of the offense.

5. If any of the property described above, as a result of any act or omission of **KENNETH JAMES STOPKOTTE**:

    a. cannot be located upon exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

9

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and it is the intent of the United States to seek the forfeiture of any other property of **KENNETH JAMES STOPKOTTE,** pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of **KENNETH JAMES STOPKOTTE** up to the value of said property listed above as subject to forfeiture.

A TRUE BILL

_____
FOREPERSON

_____
DAVID RIVERA
United States Attorney

_____
SANDRA G. MOSES
Assistant United States Attorney